FILED
8/14/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
DEC 14 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Dec 14.2011

IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERMAINE J GRANT
On behalf of himself

    Plaintiff

-v-

SANTANDER CONSUMER USA INC

    Defendant

11-cv-08853
Judge Edmond E. Chang
Magistrate Judge Jeffrey T. Gilbert

## COMPLAINT

Plaintiff, GERMAINE J GRANT, individually, hereby sues Defendant, SANTANDER CONSUMER USA INC for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii). AND for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692,et seq, AND Fair credit reporting act FCRA 15 U.S.C§ 1681,et seq THEREFORE to recover damages for Defendant violation of the FDCPA, TCPA and FCRA alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii). AND for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692,et seq, AND Fair credit reporting act FCRA 15 U.S.C§ 1681,et seq THEREFORE to recover damages for Defendant violation of the FDCPA, TCPA and FCRA.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that SANTANDER CONSUMER USA INC Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt and reporting inaccurate information on the plaintiff consumer credit report

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $100,000.00.

## PARTIES

7. Plaintiff, GERMAINE J GRANT, is a natural person and is a resident of the State of ILLINOIS.

8. Upon information and belief Defendant, SANTANDER CONSUMER USA INC ("SCUSA") is a TEXAS corporation, authorized to do business in STATE OF ILLINOIS.

## *FACTUAL ALLEGATIONS*

9. From November of, 2010 up until May 2011, (SCUSA) violated the TCPA by calling Plaintiff's cell phone more than 20 times with no prior permission given by Plaintiff.

10. From November of 2010 up until may of 2011 the Plaintiff SCUSA violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

11. The defendant violated FDCPA pursuant to 1692 c(a)(1) by calling the plaintiff home and place of business at very unusual time, which was inconvenient to the plaintiff.

12. The defendant violated FDCPA pursuant to 1692c(a)(3) when defendant would call the plaintiff place of employment and business when they knew it was prohibited to do.

13. The defendant violated FDCPA pursuant to 1692c(B) when the defendant would call the plaintiff ex-girlfriend and the his mother at their homes to leave messages about an alleged debt call ford excursion alleged account number starting in177615.

14. The defendant violated the FDCPA pursuant to 1692c(c) when the defendant received several cease communication letter and written notification by certified mail and first class from the plaintiff to cease all collection and calls to places of home, business, employment and cell phones.

15. The defendant violated the FDPA pursuant to 1692d(5) when the defendant continued to keep calling the plaintiff home, business and cell phone repeatedly to collect an alleged debt.

16. The defendant violated the FDPA pursuant to 1692d(6) when the defendant would call his cell phone home and business phone by blocking their number and name on plaintiff caller id to show no name and phone number of 000-000-0000.

17 The defendant violated FDPA pursuant to 1692b(3) when the defendant contacted the plaintiff mother and ex-girlfriend more than once without requested consent from the plaintiff to discuss private information about an alleged account or alleged debt of the plaintiff.

18. The defendant violated FCRA pursuant 1681 title 15 U.S.C et seq by reporting inaccurate information on the plaintiff consumer credit report about alleged account starting with 177614.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT47 U.S.C. §227

19. Plaintiff alleges and incorporates the information in paragraphs 1 through 18.

20. Defendant SCUSA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

21. Defendant SCUSA has committed over 20 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

22. Defendant SCUSA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 20 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with JANE DOE AND JOHN DOE OVER 20 times after sending and SCUSA receiving the Intent to Sue Letter and cease and desist letters and JANE DOE and JOHN DOE assured Plaintiff that the calls would stop.

23. Defendant SCUSA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone

service. The Plaintiff has never given SCUSA permission to call Plaintiffs cell phone TO COLLECT ANY ALLEGED DEBT. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and SCUSA do not have an established business relationship within the meaning of 47 U.S.C. §227.

24. Defendant SCUSA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff over 20 times after receiving the intent to sue letter and cease and desist letters after hearing the recordings with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against SANTANDER CONSUMER USA INC (SCUSA), for actual or statutory damages, and punitive damages, attorney's fees and costs.

### COUNT II

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 et seq BY DEFENDANT VISION FINANCIAL SERVICES

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 18

26. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

27. Defendant SANTANDER CONSUMER USA is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

28. The Defendants violated the FDCPA. Defendant violations include, but are not limited to, the following:

    (a) SCUSA violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the

agreement creating the debt or permitted by law. The defendant has never produce any agreement that they have "account" according to 15 USC §1691a(r)(4). In which the defendant can collect alleged debt on.

(b) BY REPRESENTING ON PLAINTIFF CONSUMER REPORT WITH EXPERIAN the he owe an alleged debt on alleged account in the amount of $5,269 as of November of 2011.

**WHEREFORE,** Plaintiff demands judgment for damages against SANTANDER CONSUMER USA INC (SCUSA), for actual, statutory damages, and punitive damages, litigation expenses costs and such other or further relief as the court deems proper pursuant to title 15 USC 1692k.

<u>**COUNT III**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681n WILLFUL NON-COMPLIANCE BY DEFENDANT**</u>

<u>**SANTANDER CONSUMER USA INC**</u>

29. Plaintiff alleges and incorporates the information in paragraphs 1 through 18

30. . Defendant SANTANDER CONSUMER USA is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

31. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

33. SANTANDER CONSUMER USA INC.is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

34. On or around JANUARY of 2011 thru OCTOBER of 2011 the defendant was notified by Experian that the alleged account in which the defendant was reporting on the Plaintiff consumer report was an error and was being disputed by plaintiff.

35 The defendant violated 15 usc s 1681-2 by furnishing information they knew was inaccurate on the plaintiff consumer credit report.

36. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

37. The term "account" means a demand deposit, savings deposit, or other asset account <u>**(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

38. The action of Defendant SANTANDER CONSUMER USA INC is liable for reporting on consumer credit report of the Plaintiff with inaccurate information about an account that has cause the plaintiff great actual damages in which has impaired the plaintiff commerce to do business and receive funding or credit from financial institution .

39. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant

40. At no time did Plaintiff give his consent for Defendant To report a non- account to his consumer credit report .

**WHEREFORE,** Plaintiff demands judgment for damages against SANTANDER CONSUMER USA INC FCRA render them liable for actual or statutory damages, and punitive damages, litigation expenses and costs, pursuant See, 15 U.S.C. § 1681n

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this __14__ of December, 2011

Spend Deput

By _____

GERMAINE J GRANT
P.O. BOX 23
JOLIET IL 60434-0023
8155823518
GERMAINEMONEYBANK@GMAIL.COM